■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v COREY WASHINGTON, Appellant. [705 NYS2d 693] —Spain, J. Appeal from a judgment of the Supreme Court (Sheridan, J.), rendered February 3, 1999 in Rensselaer County, upon a verdict convicting defendant of two counts of the crime of petit larceny.

In March 1998, defendant was indicted on two counts of robbery in the second degree (Penal Law § 160.10 [2] [b]). The substance of these charges were allegations that defendant stole $26 from three individuals in an automobile and, in a separate incident, that he stole a "boom box" radio from another individual, in both incidents displaying a pellet gun. At trial, defendant admitted that he took cash and the radio but denied using a weapon. The jury acquitted defendant of the robbery counts but convicted him of two misdemeanor counts of the lesser included offense of petit larceny. Supreme Court declined to afford defendant youthful offender status and imposed the maximum sentences, namely, two one-year jail terms, to be served consecutively to each other. Defendant now appeals, contending that the aggregate sentence imposed is harsh and excessive.

We affirm. In our view, the sentence imposed was not unduly severe in view of, *inter alia,* the nature of the crimes. The three young victims of defendant's theft of cash testified that defendant entered their vehicle, directed the driver to drive away and, waiving a gun, demanded money. The victims turned over a total of $26 and defendant ordered the driver to stop; he then fled from them. The driver testified that he feared for his life. The victim of defendant's boom box theft testified that defendant approached him on the street at a bus stop and asked for his radio and his money and pointed a gun at him; the victim complied and defendant left with the boom box and $1.25 in cash, the victim's bus fare.

In imposing the maximum permissible sentences for these petit larcenies, Supreme Court took into consideration, among other factors, defendant's age (18 years old at the time of the crimes), his lack of prior arrests or convictions and the Probation Department's recommendation of supervised probation. However, the court, like the Probation Department, found that defendant had not been honest in his several different accounts of these incidents. In exercising its sentencing discretion, the court emphasized that while the jury acquitted him of the more serious robbery charges, the petit larcenies of which he was convicted were not simple cases of taking someone else's property but, rather, were serious crimes for which serious sentences were warranted.

Upon our review, we are inclined to agree. Notably, defendant's crimes involved—at the very least—face to face nighttime urban confrontations on two separate days in which a total of four victims were either intimidated into turning over their property or frightened. Thus, despite the mitigating factors before Supreme Court, we perceive no basis upon which to conclude that the court abused its discretion in denying youthful offender status (*see*, CPL 720.20 [1]; *People v Manon*, 226 AD2d 774, 778, *lv denied* 88 NY2d 1022) and imposing consecutive one-year sentences for these crimes of intimidation and greed (*see*, *People v Dolphy*, 257 AD2d 681, 685, *lv denied* 93 NY2d 872).

Cardona, P. J., Crew III, Carpinello and Mugglin, JJ., concur. Ordered that the judgment is affirmed.